UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Josefina Caraballo, *on behalf of herself and others similarly situated*, <br><br>　　　　　Plaintiff, <br><br>v. <br><br>Conn's, Inc. <br><br>　　　　　Defendant. | Civil Action No.: <br><br>Jury Trial Demanded |

**Nature of this Action**

1.　Josefina Caraballo ("Plaintiff") brings this class action lawsuit against Conn's, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.　Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to deliver non-emergency text messages to telephone numbers assigned to a cellular telephone service without prior express consent.

**Jurisdiction and Venue**

3.　This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

4.　Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district, and because Plaintiff resides and received the calls at issue in this District.

**Parties**

5.　Plaintiff is a natural person who at all relevant times resided in Devine, Texas.

1

6. Defendant is a "specialty retailer" selling a variety of home goods products through its retail stores, located throughout the United States.[1]

7. Defendant is headquartered in The Woodlands, Texas, and incorporated in Delaware.

## Factual Allegations

8. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of her cellular telephone number—(210) 449-XXXX.

9. On January 17, 22, and 24, 2020, Plaintiff received the following text messages from short code 94286 on her cellular telephone:



---

[1] https://ir.conns.com/investor-relations (last visited June 17, 2020).

10. "A short code is a number with fewer digits than a phone number to which a text message can be sent. The five-or six-digit numbers are often promoted in traditional and digital advertising. Companies use these codes to bring customers into the branded experience through voting, surveys, sweepstakes, coupon offers, information updates, loyalty programs and alerts."[2]

11. "A dedicated short code is an SMS short code that is used and paid for exclusively by one brand. A dedicated short code is different from a shared short code, because a shared short code is used and paid for by multiple brands."[3]

12. "A vanity short code, is a 5-6 digit phone number that is specifically selected by a brand, rather than selected at random by the Common Short Code Administration (CSCA)."[4]

13. Plaintiff received text messages from short code 94286, similar to those she received on January 17, 22, and 24, 2020, on several additional dates, including January 30 and 31, 2020, February 7, 11, 14, 19, 27, and 28, 2020, March 6, 11, 13, 18, 19, 24, 25, 27, and 31, 2020, April 8, 10, 14, and 24, 2020, and May 11 and 18, 2020, for a total of over 25 text messages.

14. In each of the subject text messages from short code 94286 the sender is identified as "Conns HomePlus," and the messages refer the recipient to "A.C.S.I." for subsequent communications.

15. "A.C.S.I." refers to Automated Collection Services, Inc., a debt collector based in Nashville, Tennessee.[5]

---

[2]  https://usshortcodes.com/faqs (last visited June 17, 2020).

[3]  https://usshortcodedirectory.com/faq/what-is-a-dedicated-short-code/ (last visited June 17, 2020).

[4]  https://usshortcodedirectory.com/faq/what-is-a-vanity-short-code/ (last visited June 17, 2020).

[5]  *See generally* https://www.automatedcollections.com/ (last visited June 17, 2020).

16. When called, the (844) 350-3431 telephone number connects to ACSI, Inc.'s retail debt collection department, by way of an IVR message.

17. ACSI confirmed that Defendant sent the subject text messages Plaintiff received from short code 94286.

18. Each of the subject text messages included an opt-out provision, stating "[t]o opt-out reply STOP."

19. Plaintiff replied either "Stop" or "STOP" after receiving each of the subject text messages from short code 94286.

20. When Plaintiff replied "Stop" to short code 94286, she separately received a text message from telephone number (877) 755-0395 acknowledging, but rejecting, Plaintiff's instruction:



21. However, on January 31, 2020, telephone number (877) 755-0395 delivered a different text message to Plaintiff's cellular telephone, finally indicating that Defendant would accept Plaintiff's "Stop" instruction:



22. The (877) 358-1252 telephone number included within the acknowledgement text message is the official "Contact Us" telephone number for Conn's.[6]

23. Despite this acknowledgement message, Plaintiff continued to receive text messages from short code 94286 on her cellular telephone number.

---

[6] https://ir.conns.com/contact-us (last visited April 14, 2020).

24. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the text messages at issue—standardized, impersonal, consistent in structure and format, and featuring automatic responses—Defendant delivered the text messages at issue to telephone number (210) 449-XXXX by using an automatic telephone dialing system.

25. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including the use of an artificial or prerecorded voice, Defendant delivered the text messages at issue to telephone number (210) 449-XXXX by using equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers. *See Duran v. La Boom Disco, Inc.*, No. 19-600-CV, 2020 WL 1682773, at *6 (2d Cir. Apr. 7, 2020) (defining ATDS as equipment that "may call numbers from stored lists, such as those generated, initially, by humans," if it has the capacity to "dial numbers without human intervention."); *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018) (defining ATDS as "equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person).").

26. Upon information and good faith belief, Defendant delivered the text messages to telephone number (210) 449-XXXX for non-emergency purposes.

27. Upon information and good faith belief, Defendant delivered the text messages to telephone number (210) 449-XXXX voluntarily.

28. Upon information and good faith belief, Defendant delivered the text messages to telephone number (210) 449-XXXX under its own free will.

29. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to deliver the text messages to telephone number (210) 449-XXXX.

30. Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system to deliver the text messages to telephone number (210) 449-XXXX.

31. Plaintiff is not now, nor was, a customer of Defendant's.

32. Plaintiff does not have, nor had, a business relationship with Defendant.

33. The purpose of the text messages at issue was to collect a debt allegedly owed to Defendant by someone unknown to Plaintiff.

34. ACSI confirmed that Defendant, in sending the text messages now at issue to Plaintiff's cellular telephone number, was attempting to reach someone other than Plaintiff—an individual unknown to Plaintiff who previously used or subscribed to Plaintiff's cellular telephone number.

35. Plaintiff did not give Defendant prior express consent to send text messages to her cellular telephone number.

36. Plaintiff suffered actual harm as a result of the text messages at issue in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

37. Upon information and good faith belief, Defendant routinely uses an automatic telephone dialing system to send text messages, absent prior express consent, to telephone numbers assigned to a cellular telephone service.

38. Upon information and good faith belief, Defendant maintains business records that show all text messages it delivered, or caused to be delivered, to Plaintiff's cellular telephone number.

## Class Action Allegations

39. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following classes:

*TCPA Class 1*: All persons throughout the United States (1) to whom Conn's, Inc. delivered, or caused to be delivered, a text message, (2) directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of Conn's, Inc.'s text message, (3) by using an automatic telephone dialing system, (4) within four years preceding the date of this complaint through the date of class certification

*TCPA Class 2*: All persons throughout the United States (1) to whom Conn's, Inc. delivered, or caused to be delivered, a text message, (2) directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of Conn's, Inc.'s text message, (3) by using an automatic telephone dialing system, (4) within four years preceding the date of this complaint through the date of class certification, (5) after Conn's, Inc. was instructed to stop delivering text messages or placing calls to his or her telephone number.

40. Excluded from the classes are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

41. Upon information and belief, the members of the classes are so numerous that joinder of all of them is impracticable.

42. The exact number of the members of the classes are unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

43. The members of the classes are ascertainable because the classes are defined by reference to objective criteria.

44. In addition, the members of the classes are identifiable in that, upon information and belief, their cellular telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties.

45. Plaintiff's claims are typical of the claims of the members of the classes.

46. As it did for all members of the classes, Defendant used an automatic telephone dialing system to deliver text messages to Plaintiff's cellular telephone number, absent prior express consent.

47. Plaintiff's claims, and the claims of the members of the classes, originate from the same conduct, practice, and procedure on the part of Defendant.

48. Plaintiff's claims are based on the same theories as are the claims of the members of the classes.

49. Plaintiff suffered the same injuries as the members of the classes.

50. Plaintiff will fairly and adequately protect the interests of the members of the classes.

51. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

52. Plaintiff will vigorously pursue the claims of the members of the classes.

53. Plaintiff has retained counsel experienced and competent in class action litigation.

54. Plaintiff's counsel will vigorously pursue this matter.

55. Plaintiff's counsel will assert, protect, and otherwise represent the members of the classes.

56. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the classes.

57. Issues of law and fact common to all members of the classes are:

   a. Defendant's conduct, pattern, and practice as it pertains to delivering debt collection text messages;

b. Defendant's conduct, pattern, and practice as it pertains to obtaining consent to receive text messages from an automatic telephone dialing system;

c. Defendant' use of an automatic telephone dialing system as defined by the TCPA;

d. Defendant's violations of the TCPA;

e. The availability of attorneys' fees and costs; and

f. The availability of statutory penalties.

58. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

59. If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

60. The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

61. The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

62. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

63. The damages suffered by the individual member of the classes may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

64. The pursuit of Plaintiff's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

65. There will be no extraordinary difficulty in the management of this action as a class action.

66. Defendant acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

## Count I
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

67. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-66.

68. A text message is a "call" as defined by the TCPA. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009); *see also Duran*, 2020 WL 1682773, at *1 n.4 ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Arredondo v. Flexi Corp.*, No. 5:17-CV-4, 2017 WL 7796192, at *1 (S.D. Tex. Aug. 18, 2017) ("Making a call using an automatic telephone dialing system triggers responsibility under the TCPA regardless of whether the recipient answers. . . . A text message to a cellular telephone qualifies as a 'call' for such purposes.").

69. 47 U.S.C. § 227(b)(1)(A)(iii) makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . ."

70. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system to send text messages to Plaintiff's cellular telephone number, and the cellular telephone numbers of proposed TCPA Class 1 members, without prior express written consent.

71. Defendant further violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system to send text messages to Plaintiff's cellular telephone number, and the cellular telephone numbers of proposed TCPA Class 2 members, after it was instructed to stop sending text messages to those cellular telephone numbers.

72. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff, and the members of the classes, are entitled to damages in an amount to be proven at trial.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Enjoining Defendant from continuing its violative behavior, including continuing to deliver text messages to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the proposed classes;

f) Awarding Plaintiff and the classes damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the classes treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: June 22, 2020

*/s/ Aaron D. Radbil*
Aaron D. Radbil
Greenwald Davidson Radbil PLLC
401 Congress Avenue, Suite 1540
Austin, TX 78701
Phone: (512) 803-1578
aradbil@gdrlawfirm.com

Counsel for Plaintiff and the proposed classes